JOSEPH A. FALK, Individually and as Administrator, etc., of MYER A. FALK, Deceased, Plaintiff, *v.* EMPIRE STATE DEGREE OF HONOR OF STOCKTON, NEW YORK, Defendant.

Supreme Court, Erie County, December 30, 1930.

*Maynard C. Schaus*, for the plaintiff.

*Benjamin S. Dean*, for the defendant.

HARRIS, J. At Special Term the plaintiff has moved, under rules 112 and 113 of the Rules of Civil Practice, for summary judgment on the pleadings, and the defendant has made a counter motion under rule 112 for a dismissal of the complaint.

If there is a question of fact for a jury to decide, then neither motion may be granted. (Rules Civ. Prac. rules 112 and 113; *Sexton* v. *Equitable Life Assurance Society of the United States*, 248 N. Y. 646.)

Plaintiff alleges in his complaint that a policy of insurance was issued by the defendant on the life of Myer A. Falk, the alleged intestate of the plaintiff-administrator, and that the individual plaintiff is the sole beneficiary under such policy, and that the Surrogate's Court of Erie county, on January 30, 1930, made a decree finding that the said Myer A. Falk was presumed to be dead, and fixing the date of his death as the date of said decree. The complaint further alleges that all terms of the policy required to be

performed by the plaintiff or by the said Myer A. Falk had been performed. The answer admits the death of the said Myer A. Falk, but alleges that such death took place at a time different from that set forth in the decree, and further, the answer denies that the plaintiff has complied with the provisions of the policy in reference to proofs of death and similar matters. The plaintiff contends that the finding of death in the surrogate's decree is sufficient to establish death as called for by the policy issued by the defendant on the life of the said Myer A. Falk.

The facts in relation to the alleged death of the insured are as follows: The said Myer A. Falk had absented himself from his usual surroundings for at least seven years, and was considered dead by his family and by his associates. These facts and the finding of the surrogate and the legislative intent on this and similar questions raises a presumption that the said Myer A. Falk is dead, and that such death took place as of the date of the surrogate's decree. (Civ. Prac. Act, § 341; Surrogate's Ct. Act, § 119; Dom. Rel. Law, § 7-a, as added by Laws of 1922, chap. 279; *Matter of Rowe*, 197 App. Div. 449; affd., 232 N. Y. 554; *Matter of Meserole*, 132 Misc. 259; *Matter of Wagener*, 143 App. Div. 286.)

Now comes the question as to what is meant by this presumption of death and of its date. Is it an absolute presumption or a rebuttable one? If the former, then the plaintiff is entitled to succeed on his motion. If the latter, then both motions must be denied and the case sent to a jury for disposition. I am of the opinion that the presumption raised is a rebuttable one; for otherwise, if the presumption were absolute and a man were really alive and could be brought into court, the real fact would be superior to the one presumed, and the situation would not be in accord with sound judgment and reasoning. Apparently the object of the statute in reference to a presumption of death is to permit someone to receive authority to transact the necessary business and property affairs of one who has disappeared.

In the motion before me it is conceded that the plaintiff is dead, but if he were actually alive, then the defendant would be entitled to deny the death and make proof of the life of the plaintiff. There is on the pleadings raised an issue as to the date of the death of the insured, and this issue is material, because if his death occurred at some time other than that fixed by the decree of the surrogate, which date is only a matter of rebuttable presumption, and if the defendant can make proof of such actual date of death other than the date fixed by such decree, then the defendant has certain rights under the provisions of the policy as to filing of proofs of death, and the right to have such proofs filed within the time called for

in the policy. Having reached the conclusion that the defendant has a right, if it could, to produce affirmative proof that the insured is actually alive, then it must follow that defendant has a right, if it can, to produce proof as to the actual date of death of the insured, and have a jury pass on the issue as to the date of death.

In view of the foregoing, I hold that the pleadings raise a question of fact for the jury, which may be supported on one side by the presumption of death at the time set forth in the decree of the surrogate, and on the other side by actual proof of the death of the insured at some other date. In view of this, the motions of both plaintiff and defendant are denied, with no costs to either party.